IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,

    v.

CARLOS G. LEWIS,

                    Defendant.

ORDER

09-cr-124-bbc-1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      At a hearing on November 23, 2009 on defendant Carlos G. Lewis's motion in limine to prohibit the government from introducing any DNA evidence during its case in chief, I denied defendant's motion, but gave defendant a continuance of the trial date. Defendant has been in custody since August 26, 2009 and objects to spending additional time in trial while his attorney investigates evidence the government turned over only recently. Although there is some merit in defendant's position, the government's delay is not so egregious as to merit an order barring it from introducing the newly discovered evidence.

      Defendant is charged with possessing a firearm as a convicted felon. The firearm in question was subjected to DNA testing at the state crime lab, which gave a report to a Madison Police Department detective, Darrel Monroe, on September 24, 2009. For

1

unknown reasons, Monroe did not advise the government of his receipt of the report until October 29, 2009. The report showed no detection of any DNA profile from the gun's grip and no testing of the trigger or magazine, but when Assistant United States Attorney Rita Rumbelow received a copy of the report on October 29, she asked the crime to do additional testing on the trigger and magazine. Additional testing developed evidence that defendant's DNA had been identified as a possible contributor to the DNA mixture on the gun's magazine. The report of this new evidence was turned over to defendant on November 17, 2009.

Originally, this case was set to go to trial on November 9, 2009, before visiting Judge Lynn Adelman. When neither Judge Adelman nor I was unable to hold the trial on that date, the trial was rescheduled to December 7, 2009, a date that falls on the 70th day after defendant was indicted on the charge. Defendant argued that it was unfair to require him to spend more time in jail to allow his counsel to find a DNA expert to challenge the government's evidence, when the government had created the problem when its agents had been inexplicably slow in advising the Assistant United States Attorney of the crime lab's results.

It appears that the police department was remiss in failing to turn over the first report from the crime lab, but there is no indication that the delay was anything more than oversight or unduly long. To require the government to forgo use of the evidence is too

2

severe a penalty for the oversight. I will continue the trial until at least January 4, 2010 (or January 11, 2010 if defendant cannot be ready on January 4) to allow defendant an opportunity to retain his own DNA expert and give the expert sufficient time to do the testing he or she believes is necessary, taking into consideration the holidays.

The time from December 7, 2009 until the start of trial on either January 4 or January 11 is excluded from the Speedy Trial Act. Under 18 U.S.C. § 3161(7)(A), I find that the ends of justice served by this delay outweigh the best interest of the public and the defendant.

ORDER

IT IS ORDERED that defendant Carlos G. Lewis's motion to bar the government from introducing DNA evidence at his trial is DENIED. FURTHER, IT IS ORDERED that defendant's trial is continued from December 7, 2009 until January 4 or 11, 2010 to allow defendant to retain an expert witness on DNA evidence.

Entered this 24th day of November, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3