IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                           OPINION AND ORDER

                Plaintiff,

                                                                           09-cr-124-bbc

     v.

CARLOS G. LEWIS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Carlos G. Lewis has moved to vacate the jury verdict in his case and dismiss the indictment against him on the ground that his trial did not begin until more than 70 days after he had been arraigned, in violation of the Speedy Trial Act, 18 U.S.C. § 3162. The motion will be denied because defendant waived his speedy trial claims by not moving for dismissal of the indictment before trial.

       For the purpose of deciding the motion, I find the following facts from the record.

RECORD FACTS

       In an indictment returned on August 26, 2009, defendant was charged with possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1).

1

He was arraigned on September 2, 2009 and his case was assigned to United States District Judge Lynn Adelman of the Eastern District of Wisconsin, who was hearing cases in this district by designation. At the arraignment, United States Magistrate Judge Stephen Crocker gave the parties until September 28, 2009, to file pretrial motions and he set a hearing date of October 1, 2009, for resolution of any pretrial motions, and a final pretrial conference for October 28. Trial was set for November 9, 2009, 68 days after defendant's arraignment.

Defendant did not file any motions before October 1. On October 27, 2009, the case was reassigned to me from Judge Lynn Adelman, who was unable to hear the case. The trial date was continued until December 7, 2009, because a two-week patent case had been previously scheduled to begin on November 9. No other judge was available to hear the case.

On November 18, 2009, defendant filed several motions in limine, including one seeking to suppress DNA evidence obtained by the government. In the motion, defendant's counsel advised the court that if it allowed the DNA evidence at trial, he would have to ask for a continuance to obtain an expert. He noted that his preference was to exclude the evidence, arguing that his client should not have to choose between having adequate time to defend against the DNA evidence and his speedy trial rights.

At the November 23 hearing, I determined that the DNA evidence could be used and gave defendant a continuance of the trial date to give him time to secure an expert. Because the holidays intervened, defendant needed more time than usual. The parties' schedules

2

accommodated a new trial date of January 11, 2010. I ordered the time between the hearing and the new trial date excluded under the Speedy Trial Act, § 3161(7)(A). Dkt. #37.

Defendant never filed a motion to dismiss the indictment before trial.

OPINION

Until the United States Supreme Court decided Bloate v. United States, 130 S. Ct. 1345 (2010), the law in this circuit was that time afforded counsel to prepare pretrial motions was deducted from the 70-day deadline set by the Speedy Trial Act. United States v. Tibboel, 753 F.2d 608, 610 (7th Cir. 1985) ("time consumed in the preparation of a pretrial motion must be excluded—provided the judge has expressly granted a party time for that purpose"). This court followed that practice consistently. In Bloate, however, the Supreme Court held that it was not proper to read the Act to exclude the time for filing pretrial motions. The time can be excluded, but only if the judge makes "case-specific" findings that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

If the time for filing motions is not excluded from the speedy trial act calculation, defendant's trial came 12 days after his 70 days had run. It is possible that defendant would have a meritorious Speedy Trial Act claim had he filed a motion to dismiss the indictment before his trial began. Having failed to do that, he has waived his right to claim the

protections of the Act. United States v. Gearhart, 576 F.3d 459, 462 (7th Cir. 2009) ("every circuit to consider the issue has held that the failure to move for dismissal under the act constitutes a waiver, not merely a forfeiture"); United States v. Broadnax, 526 F.3d 699, 698 (7th Cir. 2008) (holding that defendant waived his speedy trial claim by failing to present it to district court before trial began); 18 U.S.C. § 3162(a)(2) ("Failure of defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section.")

Defendant argues that both the court and the government knew that he was concerned about his speedy trial rights because he alerted the court to the fact that December 7, 2009 was the last day that a trial could proceed and still comply with 18 U.S.C. § 3161(c)(1) (assuming that the time for filing pretrial motions was excluded properly from the calculation). He adds that the reason he did not file a formal motion is his belief that doing so would be frivolous in light of the law in the circuit at the time. Finally, he argues that denying his motion for his failure to file a motion would be elevating form over substance.

It is true that defendant alerted the court to his speedy trial concerns, but it is also true that he made the choice to take a continuance to allow him to defend against the government's DNA evidence. In any event, the fact remains that he did not file a formal motion. It is understandable that he thought it would be frivolous do so, but, as the

4

government has noted, the Supreme Court granted certiorari in <u>Bloate</u> in April 2009.  As to his contention that deciding this case on the technical point that he did not file a motion would be elevating form over substance, he has chosen an odd case in which to make that argument.  Defendant was tried only 12 days after his nonexcludable time had run; the parties and the court had calculated the 70-day time limit in good faith reliance on the governing law in the circuit (and in six other circuits); and the problem arose  only because of specific trial congestion and not because of any act or omission of the government..

ORDER

IT IS ORDERED that defendant Carlos G. Lewis's motion to dismiss the indictment against him is DENIED.

Entered this 30th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge